UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM KEITH SCHANCK,<br><br>    Plaintiff,<br><br>    v.<br><br>LORI HAGGARD,<br><br>    Defendant. | No. 2:18-cv-0328 AC P<br><br>ORDER |

Plaintiff, a federal prisoner proceeding pro se with a civil rights action, has requested appointment of counsel. The United States Supreme Court has ruled that 28 U.S.C. § 1915 "does not authorize the federal courts to make coercive appointments of counsel." Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989). However, in certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to

1

most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Plaintiff's claim that an attorney would be better able to present his claims is not unique. Moreover, the court has yet to screen the complaint and is therefore currently unable to determine whether plaintiff has any likelihood of success. The motion for counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (ECF No. 3) is DENIED.

DATED: September 28, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE