UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM KEITH SCHANCK,<br><br>Plaintiff,<br><br>v.<br><br>LORI HAGGARD,<br><br>Defendant. | No. 2:18-cv-0328 AC P<br><br><br><br>ORDER |

Plaintiff is a former federal prisoner proceeding pro se with a civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.  Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

II.  Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners[1] seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

---

[1] Plaintiff was incarcerated at the time he filed his complaint but according to a notice of change of address has since been released. ECF No. 11.

1  "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]
2  monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

3       A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."
4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
5  Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal
6  theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639,
7  640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as
8  stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a
9  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.
10 Franklin, 745 F.2d at 1227-28 (citations omitted).

11      "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the
12 claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of
13 what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550
14 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
15 "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context
16 of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman,
17 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure
18 to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a
19 cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the
20 speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain
21 something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally
22 cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur
23 R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

24      "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
25 relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting
26 Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual
27 content that allows the court to draw the reasonable inference that the defendant is liable for the
28 misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this

standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III.   Complaint

The complaint alleges that defendant Haggard violated plaintiff's rights under the Fifth and Eighth Amendments. Specifically, plaintiff alleges that he was granted clemency by former President Obama and that the Bureau of Prisons (BOP) was to make the Residential Drug Abuse Program (RDAP) available to him. ECF No. 1 at 10. Plaintiff was initially placed into the RDAP unit and began participating in the program, but was removed by Haggard four days later. Id. at 11. Haggard told plaintiff that by enrolling in the program he had already met the requirements of the clemency warrant and so he was being moved out of the program. Id. After plaintiff told Haggard that he wanted to participate in the program, she told him she would think about it. Id. Five days later, plaintiff was moved back into the RDAP unit and assigned to a cell with an inmate of another race. Id. Plaintiff immediately advised Haggard that he could not be housed with an inmate of another race because he had been warned that doing so would make him unwelcome with his own race and would put him at risk of being assaulted. Id. at 11-13. He further explained that if something happened and he got in fight that resulted in being sent back to a U.S. Penitentiary, because it is a small system, someone would eventually remember that he had been housed with an inmate of another race, putting him in danger. Id. at 13. In response, Haggard told plaintiff that he had made everything up and then removed him from the RDAP unit. Id. Plaintiff assumes that he was removed from the program because Haggard did not want him in the program. Id.

### IV.   Failure to State a Claim

#### A. Due Process

Plaintiff alleges that his removal from the RDAP violated his Fifth Amendment due process rights because he was deprived of an additional one-year reduction of his sentence guaranteed by 18 U.S.C. § 3621. ECF No. 1 at 11, 14. However, "[a]n inmate has no liberty

3

interest in a sentence reduction in exchange for completion of RDAP." Peck v. Thomas 697 F.3d 767, 774 (9th Cir. 2012) ((citation omitted)); see also Reeb v. Thomas, 636 F.3d 1224, 1228 (9th Cir. 2011) ("inmates do not have a protected liberty interest in either RDAP participation or in the associated discretionary early release benefit" (citation omitted)).  Accordingly, plaintiff's due process claim must fail.

B.  Failure to Protect

"Bivens established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." Carlson v. Green, 446 U.S. 14, 18 (1980).  However, "the [United States Supreme] Court has made clear that expanding the Bivens remedy is now a 'disfavored' judicial activity." Ziglar v. Abbasi, 137 S. Ct. 1843, 1857 (2017) (citing Iqbal, 556 U.S. at 675).  The Court further held that "three cases—Bivens, Davis [v. Passman, 442 U.S. 228 (1979)], and Carlson [v. Green, 446 U.S. 14 (1980)]—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself."[2] Ziglar, 137 S. Ct. at 1855.

The Ninth Circuit has not definitively held that a failure to protect claim brought under Bivens survives Ziglar, and there is a split among district courts on the issue.  Compare Smith v. Shartle, No. 18-cv-0323 TUC RCC, 2021 WL 842144, at *8, 2021 U.S. Dist. LEXIS 42179, at *23-24 (D. Ariz. March 5, 2021) (finding failure to protect claim did not present a new Bivens context and collecting cases holding the same), with Carey v. Blanckensee, No. 20-cv-0491 TUC RCC, 2021 WL 672563, at *4, 2021 U.S. Dist. LEXIS 34885, at *9-10 (D. Ariz. Jan. 27, 2021) (finding failure to protect claim presented new Bivens context and declining to find implied cause of action and collecting cases holding the same).  In an unpublished panel opinion, the Ninth Circuit recently held that Eighth Amendment excessive force and conditions of confinement claims did not present a new context for relief under Bivens, and were therefore cognizable. Reid

---

[2] Bivens recognized a right to recover damages for a violation of the Fourth Amendment's prohibition against unreasonable search and seizures, while Davis recognized a damages remedy for gender discrimination and Carlson found damages available under the Eighth Amendment for failing to provide adequate medical treatment.  Ziglar, 137 S. Ct. at 1854-55.

v. United States, 825 F. App'x 442, 444 (9th Cir. 2020). Accordingly, for purposes of screening, the court will assume that a failure to protect claim is cognizable under Bivens.

"Actions under § 1983 and those under Bivens are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens." Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991). Under Bivens, a plaintiff may sue a federal officer in his or her individual capacity for damages based on a violation of plaintiff's constitutional rights. See Bivens, 403 U.S. at 397. Thus, to state a Bivens claim a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor. Id.

"[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted). Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. Then he must fail to take reasonable measures to lessen the substantial risk of serious harm. Id. at 847. Negligent failure to protect an inmate from harm is not actionable. Id. at 835.

Plaintiff alleges that he told defendant Haggard that he had been told by several inmates that if he shared a cell with an inmate of another race he would not be welcome by his own race. ECF No. 1 at 12. However, he also alleges that this meant that he would be ostracized, and that trouble would arise as a result of plaintiff refusing to be told where he could sit. Id. He further alleges that this danger would arise, not on the RDAP unit, but in the event some kind of unforeseen incident resulted in plaintiff being moved back to a penitentiary where other inmates would at some point figure out that he had shared a cell with an inmate from another race. Id. at 13. Although plaintiff alleges that defendant knew it was necessary to racially segregate gang

////

members, there are no allegations that either plaintiff or his intended cellmate were gang members.  Id. at 14-15.

These allegations are insufficient to show that defendant was aware of and disregarded an excessive risk to plaintiff's safety.  At most, they show that plaintiff advised defendant of a speculative harm he might face if he was transferred back to a penitentiary and other inmates eventually learned that he had shared a cell with an inmate of another race.

V.      Leave to Amend

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.     Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the filing fee.

The complaint is not being served because the facts you have alleged are not enough to state a claim for relief.  There is no constitutional right to enrollment in the RDAP or in the

discretionary sentence reduction for participating in the RDAP.  Your also have not shown that defendant Haggard failed to protect you because you have not shown that she was aware of and ignored an excessive risk to your health or safety.

If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint.  **Any claims and information not in the first amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis, ECF No. 2, is granted.

2. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

3. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Plaintiff must file an original and two copies of the amended complaint.  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

4. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: March 18, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE